UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO E. ZEPEDA, | 1:07-cv-01483-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE MOTION TO DISMISS BY DEFENDANTS R. J. REYNOLDS AND BROWN & WILLIAMSON BE GRANTED |
| v. | |
| JAMES A. YATES, et al., | |
| | (Doc. 23.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

## I.  BACKGROUND

Plaintiff Alfredo E. Zepeda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint commencing this action on October 11, 2007.  (Doc. 1.)  Defendants R. J. Reynolds and Brown & Williamson were not named as defendants in the original complaint.  Id.  On May 8, 2009, the Court dismissed the original complaint with leave to amend.  (Doc. 13.)  On October 26, 2009, Plaintiff filed an Amended Complaint naming over forty defendants, including R. J. Reynolds and Brown & Williamson.  (Doc. 21.)  On December 2, 2009, defendants R. J. Reynolds Tobacco Company and Brown & Williamson Holdings, Inc.[1] ("Defendants") filed a motion to dismiss for lack of personal jurisdiction and insufficient service, under Rules 6(b)(2) and 6(b)(5) of the Federal Rules of Civil Procedure.  (Doc. 23.)  On March 26, 2010, Plaintiff

---

[1] Defendant Brown & Williamson Holdings, Inc. ("Brown & Williamson"), was formerly known as Brown & Williamson Tobacco Corporation.  (MTD, Doc. 23 at 2:3-4.)

1

filed an opposition to the motion. (Doc. 30.) On April 1, 2010, Defendants filed a reply to Plaintiff's opposition. (Doc. 32.) Defendants' motion to dismiss is now before the Court.

## II.     SUMMARY OF THE AMENDED COMPLAINT

Plaintiff is currently a state prisoner at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the Amended Complaint allegedly occurred at North Kern State Prison in Delano, California, Ironwood State Prison in Blythe, California, California Men's Colony in San Luis Obispo, California, and Pleasant Valley State Prison in Coalinga, California, while Plaintiff was housed at those four correctional facilities. Plaintiff names over forty defendants and brings claims for adverse conditions of confinement, inadequate medical care, failure to protect, retaliation, excessive force, ADA violations, inadequate appeals process, and violations of his rights to due process and equal protection. Plaintiff requests money damages, attorney fees, and costs of suit as relief.

### A.     Allegations against Defendants R. J. Reynolds and Brown & Williamson

Plaintiff has been an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") since August 13, 2002. Plaintiff asserts that the CDCR ceased the sale of tobacco products in the prisons on July 1, 2005. Plaintiff alleges that he ceased smoking in 2006, due to injury from use of tobacco products, but that he suffers from exposure to secondhand smoke because of continued use of tobacco products in CDCR facilities. Plaintiff alleges that R. J. Reynolds and Brown & Williamson, both tobacco companies, knew, or should have known, that their products were harmful to state and federal prisoners but failed to cease deceptive marketing and the sale of such products to the State of California and its prisoners, to the detriment of the prisoners. Plaintiff alleges that R. J. Reynolds and Brown & Williamson fraudulently concealed facts of the inherent dangers of tobacco products and failed to regulate the sale of harmful tobacco products to chronically-diseased prisoners, including Plaintiff, without adequate notice to prevent the use of such products and exposure to the harmful effects of secondhand smoke. Plaintiff alleges that these Defendants were deliberately indifferent to his health and constitutional rights. Plaintiff claims that he was not adequately informed by these Defendants that use and exposure to tobacco products would aggravate pre-existing diseases or

give rise to new diseases.  Plaintiff alleges he suffers from Hepatitis-C, serious hypertension, sciatica, chronic headaches, seizure-like episodes, and numerous psychiatric and emotion-related disorders.  Plaintiff holds these Defendants liable for his pain, suffering, and emotional distress resulting from exposure to tobacco smoke.

**III.    DEFENDANTS' MOTION TO DISMISS**

Defendants bring a motion to dismiss the allegations against them in the Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) and insufficient service of process under Rule 12(b)(5).  Defendants argue that the court lacks personal jurisdiction over them based on Plaintiff's attempted method of service which does not comply with state law or federal service requirements and is therefore invalid.  Defendants provide evidence that on or about November 13, 2009, Plaintiff attempted to serve a copy of the Amended Complaint on R. J. Reynolds and Brown & Williamson by mailing copies of the Amended Complaint by first-class mail with no return receipt requested.  (Declaration of Steven N. Geise ("Geise Decl.") Exhibits A and B.)  Neither envelope specified any officer, agent or other individual authorized to accept service on behalf of either R. J. Reynolds or Brown & Williamson, and neither envelope contained a summons.  See id.

In opposition, Plaintiff contends that he has followed the required rules, and the Court has personal jurisdiction over Defendants.  He argues that under California law, tobacco company defendants do not enjoy categorical defenses to claims by residents of California who have been injured or incurred damages by their wrongful acts.  Plaintiff also maintains that the Court has decided that his complaint may go forward, and by proper procedure for a pro se litigant proceeding in forma pauperis, the Court may order the Clerk to issue a summons.

**IV.    DISCUSSION**

As stated by Defendants in their motion, the Federal Rules of Civil Procedure provide that service upon a corporation may be accomplished under either state law, Fed.R.Civ.P. 4(e)(1), or federal law, Fed.R.Civ.P. 4(h), and both state and federal service procedures require delivery of the summons and complaint to an individual authorized to accept service of process.  Cal. Code. Civ. Proc. §§ 415.30, 415.40, 416.10; Fed.R.Civ.P. 4(h)(1).  The court lacks personal

jurisdiction over a defendant who has not been properly served. Dodco, Inc. V. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir. 1993.) Under Rule 4(m), "[I]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

Defendants' evidence demonstrates that Plaintiff attempted service upon R. J. Reynolds and Brown & Williamson but failed to specify any officer, agent or other individual authorized to accept service on behalf of either Defendant. (Geise Decl. Exhibits A and B.) Moreover, Plaintiff failed to serve a summons on either Defendant. Id. Therefore, Plaintiff's service of process upon Defendants was insufficient under both state and federal law, and the Court lacks personal jurisdiction over Defendants. Accordingly, Defendants' motion to dismiss should be granted.

Because Plaintiff is a prisoner proceeding pro se and in forma pauperis, he is entitled to rely on the United States Marshal for service of summons and complaint. 28 U.S.C. § 1915(c); Fed R.Civ.P 4(c)(3); Puett v. Blandford, 912 F.2d 270 (9th Cir. 1990). In the present action, the Court has yet to screen Plaintiff's Amended Complaint as required under the Prison Litigation Reform Act, to determine whether it contains cognizable claims for relief against the named defendants. 28 U.S.C. § 1915A(a). The Court will, *sua sponte*, direct the United States Marshal to serve the Amended Complaint only after the Court has performed the requisite screening. Id. Thus, the dismissal of Defendants R. J. Reynolds and Brown & Williamson from this action should be without prejudice, subject to further service at a later stage of the proceedings. Fed.R.Civ.P. 4(m).

## V.   CONCLUSION AND RECOMMENDATION

The Court finds that Defendants' motion to dismiss should be granted. Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss filed by Defendants R. J. Reynolds and Brown & Williamson on December 2, 2009, be GRANTED, based on insufficient service and lack of personal jurisdiction; and

4

2.  Defendants R. J. Reynolds and Brown & Williamson be dismissed from this action without prejudice, subject to further service at a later stage of the proceedings.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 27, 2010**          /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE