# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO E. ZEPEDA, | 1:07-cv-01483-LJO-GSA-PC |
| Plaintiff, | ORDER DISREGARDING MOTION TO ADD CLAIMS AND DEFENDANTS |
| v. | (Doc. 20.) |
| JAMES A. YATES, et al., | |
| Defendants. | |

## I. BACKGROUND

Plaintiff Alfredo E. Zepeda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint commencing this action on October 11, 2007. (Doc. 1.) On May 8, 2009, the Court dismissed the original Complaint with leave to amend. (Doc. 13.) On October 26, 2009, Plaintiff filed a First Amended Complaint. (Doc. 21.) Along with the First Amended Complaint, Plaintiff also filed a separate Motion for leave to add claims and defendants. (Doc. 20.)

## II. MOTION FOR LEAVE TO ADD CLAIMS AND DEFENDANTS

Plaintiff requests leave to add claims to this action regarding the "Deficiency of Regulation of Tobacco Products," and to add the USA and Tobacco States (i.e., State of Kentucky, State of North Carolina, State of Virginia, and State of California) as defendants to

1

this action. However, Plaintiff's separate Motion is unnecessary because Plaintiff already brings these claims and names these defendants in the First Amended Complaint. Plaintiff names the USA and the States of California, Kentucky, Virginia, and North Carolina as defendants in the First Amended Complaint. (First Amended Complaint, Doc. 21 at 36 ¶52.) Plaintiff also brings claims in the First Amended Complaint against defendants for "fail[ing] to, within reasonable time, institute appropriate regulation ... of tobacco products, known to be harmful to chronically diseased persons imprisoned within the CDCR." (Id. at 34 ¶50.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). When the Court officially screens the First Amended Complaint, the Court will address whether Plaintiff has properly named defendants and brought cognizable claims in the First Amended Complaint. Therefore, Plaintiff's separate Motion for such determination is unnecessary and shall be disregarded.

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to add claims and defendants, filed on October 26, 2009, is DISREGARDED as unnecessary.


IT IS SO ORDERED.

Dated:    **September 3, 2010**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE