# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO E. ZEPEDA, | 1:07-cv-01483-LJO-GSA-PC |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| JAMES A. YATES, et al., | |
| Defendants. | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |
| _____/ | |

## I.   RELEVANT PROCEDURAL HISTORY

Alfredo E. Zepeda ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 11, 2007. (Doc. 1.) On May 8, 2009, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 13.) On October 26, 2009, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 21.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2).

## III.   SUMMARY OF COMPLAINT

Plaintiff is currently a state prisoner at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred at North Kern State Prison ("NKSP") in Delano, California; Ironwood State Prison ("ISP") in Blythe, California; California Men's Colony ("CMC") in San Luis Obispo, California; and Pleasant Valley State Prison ("PVSP") in Coalinga, California, while Plaintiff was housed at those four correctional facilities. Plaintiff names over forty defendants and brings claims for adverse conditions of confinement, inadequate medical care, failure to protect, retaliation, excessive force, ADA violations, inadequate appeals process, and violations of his rights to due process and equal protection. Plaintiff requests money damages, attorney fees, and costs of suit as relief.

The Court has screened the First Amended Complaint and finds that Plaintiff fails to state a claim under section 1983 upon which relief may be granted against any of the defendants. Plaintiff shall be granted leave to file a Second Amended Complaint within thirty days.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

1  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

2  Section 1983 offers no redress." Id.

3      **A.**    **Deficiencies in the First Amended Complaint**

4         **1.**    **Improper Venue for Claims Arising at ISP and CMC**

5     Plaintiff's claims arise from events occurring at NKSP in Delano, California; ISP in Blythe,

6  California; CMC in San Luis Obispo, California; and PVSP in Coalinga, California.  Plaintiff's

7  claims arising out of events at NKSP and PVSP are proper in this district.  However, venue for

8  Plaintiff's claims arising out of events at ISP or CMC is not proper in this district, and those claims

9  may not be pursued in this action.  Plaintiff shall be granted an opportunity to file a Second

10  Amended Complaint, in which he should omit any claims for relief arising out of events occurring

11  at ISP and CMC.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise

12  defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991)

13  (courts have broad discretion regarding severance).  If Plaintiff wishes to pursue the claims arising

14  at ISP and CMC, he may file a new action in the Central District of California.

15         **2.**    **Rule 8(a)**

16     Under federal notice pleading, a complaint is only required to contain "a short and plain

17  statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

18  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

19  action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937,

20  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

21  (2007)).  "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580

22  F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not

23  required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th

24  Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff

25  must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 129

26  S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere

27  possibility of misconduct falls short of meeting this plausibility standard. Id.

28  ///

1    Plaintiff's First Amended Complaint, consisting of thirty-nine handwritten pages, fails to

2  comport with Rule 8(a)'s instruction that the complaint is only required to contain "a short and plain

3  statement of the claim showing that the pleader is entitled to relief."  Plaintiff's lengthy narrative

4  does not clearly or succinctly allege facts against the named defendants.  Given that Plaintiff's claims

5  arising at ISP and CMC are not properly venued here, and that Plaintiff must comply with Rule

6  18(a), as discussed below, twenty-five pages is more than sufficient for Plaintiff to identify his

7  claims and set forth specific facts in support of those claims.  Accordingly, the Second Amended

8  Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it

9  violates this page limitation.

10         **3.**   **Rule 18**

11    Plaintiff alleges multiple claims in the First Amended Complaint that are largely unrelated.

12  Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff

13  members.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to

14  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

15  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

16  against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against

17  Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims

18  against different defendants belong in different suits, not only to prevent the sort of morass [a

19  multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

20  filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals

21  that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George

22  v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

23    In this instance, Plaintiff's First Amended Complaint recites various encounters with prison

24  officials, some which are not related to others.  Plaintiff will not be permitted to pursue unrelated

25  claims in this action.  In amending, Plaintiff should determine which related claims he wishes to

26  pursue and re-allege only those claims.  If Plaintiff's Second Amended Complaint also violates Rule

27  18(a) despite this admonition, the Court will decide which claims, if any, shall proceed.

28  ///

### 4. **Doe Defendants**

Plaintiff names Doe defendants in this action.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.  For service to be successful, the Marshal must be able to identify and locate defendants.

### 5. **Private Actors – Tobacco Companies**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Generally, private parties are not acting under color of state law.  Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).

"The United States Constitution protects individual rights only from *government* action, not from *private* action."  Single Moms, Inc., 331 F.3d at 746 (emphasis in original).  "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated."  Id. at 746-47 (citing Brentwood Academy, 531 U.S. at 295, 121 S.Ct. at 930 (emphasis in original).

"[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  Id.  Private entities have been treated as state actors when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined with governmental policies," and when the "government is entwined in [their] management or control."  Id..

Plaintiff names private tobacco companies R. J. Reynolds, Brown & Williamson, and Phillip Morris as defendants.  Plaintiff has not demonstrated that these tobacco companies are  controlled by the government, have been delegated a public function by the State, are entwined with

governmental policies, or operate with the government entwined in their management or control.

Therefore, Plaintiff fails to state a section 1983 claim against any of the tobacco companies.

### 6.    Personal Participation and Supervisory Liability

Plaintiff has named defendants who hold supervisory positions.  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. at 1948-49.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  Therefore, to the extent that Plaintiff seeks to impose liability upon defendants in their supervisory capacity, Plaintiff fails to state a claim.

### 7.    Eleventh Amendment Immunity – States and Their Agencies

Plaintiff names as defendants the States of California, Kentucky, Virginia, and North Carolina, and various state agencies.  Plaintiff is advised that he may not sustain an action against a state or a state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996);

1  Brooks, 951 F.2d at 1053; Taylor, 880 F.2d at 1045 (concluding that Nevada Department of Prisons

2  was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community

3  College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Therefore, Plaintiff fails to state a claim against

4  the States of California, Kentucky, Virginia, or North Carolina, or any state agency.

5  **8.  Federal Actors**

6  Plaintiff names as defendants the United States of America and various federal agencies.

7  Suits against the government are barred by sovereign immunity absent an unequivocally expressed

8  waiver.  Russell v. U.S. Dept. of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999)(citing Army & Air

9  Force Exch. Serv. v. Sheehan, 456 U.S. 728, 734 (1982) (stating that suits against the government

10  may proceed "only if Congress has consented to suit; a waiver of the traditional sovereign immunity

11  cannot be implied but must be unequivocally expressed" (internal quotation marks and citations

12  omitted)).  Section 1983 provides no right of action against federal, rather than state, officials.

13  Russell, 191 F.3d at 1019.  Therefore, Plaintiff fails to state a claim under § 1983 against the United

14  States of America or its agencies.

15  **9.  Official Capacity**

16  Plaintiff seeks to establish liability against some defendants in their official capacities.

17  Plaintiff may not bring a suit for damages against defendants in their official capacities.  "The

18  Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and

19  state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147

20  (9th Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking

21  damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991);

22  Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

23  "Personal-capacity suits . . . seek to impose individual liability upon a government officer

24  for actions taken under color of state law." Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047,

25  1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the complaint

26  is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity

27  suit.  Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price

28  v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

7

1  Therefore, Plaintiff fails state a claim for damages against any of the defendants in their

2  official capacities.

3  **10.    Attorney Fees**

4  Plaintiff requests attorney fees as relief in this action.  With regard to attorney fees, "In any

5  action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may

6  allow the prevailing party . . . reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b).  Plaintiff's

7  contention that he is entitled to attorney's fees if he prevails is without merit.   Plaintiff is

8  representing himself in this action.  Because Plaintiff is not represented by an attorney, he is not

9  entitled to recover attorney's fees if he prevails.  Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir.

10  1987).

11  **B.    Legal Standards**

12  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that

13  appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those

14  claims that he believes, in good faith, are cognizable.

15  **1.    Due Process**

16  Plaintiff alleges that defendants violated his rights to due process.  The Due Process Clause

17  protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S.

18  209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause,

19  a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

20  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.  The Due

21  Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse

22  conditions of confinement." Id.  Under state law, the existence of a liberty interest created by prison

23  regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S.

24  472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to

25  freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation

26  to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.

27  2007).

28  ///

8

1

### 2.   Inmate Appeals Process

2    Plaintiff alleges that defendants improperly processed or obstructed his inmate appeals.

3  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for

4  relief under section 1983 for violation of due process.   "[A prison] grievance procedure is a

5  procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow,

6  997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

7  see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of

8  appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641,

9  647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann

10 v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).   "Hence, it does not give rise to a protected liberty

11 interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568

12 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).   Actions in reviewing a

13 prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action.

14 Buckley, 997 F.2d at 495.

15

### 3.   Eighth Amendment --  Adverse Conditions of Confinement

16    Plaintiff alleges he was subject to adverse conditions of confinement.   The Eighth

17 Amendment protects prisoners from inhumane methods of punishment and from inhumane

18 conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme

19 deprivations are required to make out a conditions of confinement claim, and only those deprivations

20 denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

21 of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992)

22 (citations and quotations omitted).   In order to state a claim for violation of the Eighth Amendment,

23 the plaintiff must allege facts sufficient to support a claim that prison officials knew of and

24 disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825,

25 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

26

### 4.   Eighth Amendment – Medical Care

27    Plaintiff alleges that defendants failed to afford him adequate medical care.   "[T]o maintain

28 an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate

indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX , 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that

they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v.</u> <u>McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).   A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

### 5.     <u>Eighth Amendment – Excessive Force</u>

Plaintiff alleges he was subject to excessive force.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson</u>, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id</u>. at 9; <u>see</u> <u>also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  <u>Id</u>. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  <u>Id</u>. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id</u>. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  <u>Id</u>.  (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  <u>Id</u>.

///

### 6.    **Eighth Amendment – Failure to Protect**

Plaintiff alleges that defendants failed to protect him from harm.  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost, 152 F.3d at 1128.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

### 7.    **Equal Protection**

Plaintiff claims his rights to equal protection were violated.  The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).  An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

### 8.    **ADA Claim**

Plaintiff seeks to bring a claim under the ADA.  Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept. of

1   Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019,

2   1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a

3   violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a

4   disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard

5   to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was

6   by reason of [his] disability."  Lovell, 303 F.3d at 1052.

7                              **9.   Retaliation**

8          Plaintiff alleges he was retaliated against by defendants.  "Within the prison context, a viable

9   claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor

10  took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

11  that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

12  did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-

13  68 (9th Cir. 2005).

14  **V.   CONCLUSION AND ORDER**

15         The Court finds that Plaintiff fails to state a claim in the First Amended Complaint upon

16  which relief can be granted under section 1983 against any of the defendants.  Under Rule 15(a) of

17  the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so

18  requires.'"  The court will provide Plaintiff with time to file an amended complaint curing the

19  deficiencies identified above should he wish to do so.  Plaintiff is granted leave to file a Second

20  Amended Complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

21         The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

22  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

23  rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  There is no *respondeat superior* liability,

24  and each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.

25  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

26  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant

27  *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

28  ///

As discussed above, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff 's Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation. Also, as discussed above, Plaintiff must omit from the Second Amended Complaint his claims arising from events occurring at ISP or CMC, as venue is improper in this district.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated claims. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's First Amended Complaint, filed on October 26, 2009, is dismissed for failure to state a claim, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified in this order;

4.   Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:07-cv-01483-LJO-GSA-PC;

5.   The Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and

///

1        6.      If Plaintiff fails to comply with this order, it will be recommended that this action be

2    dismissed for failure to state a claim upon which relief may be granted.

3

4    IT IS SO ORDERED.

5    **Dated:**   **March 17, 2011**            **/s/ Gary S. Austin**

6                                          UNITED STATES MAGISTRATE JUDGE